**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000074
27-FEB-2015
08:25 AM**

NO. CAAP-13-0000074

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CHRISTOPHER K. ESPIRITU, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P.P. NO. 12-1-0006; CR. NO. 03-1-0635)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Reifurth and Ginoza, JJ.)

Petitioner-Appellant Christopher K. Espiritu appeals from the Findings of Fact, Conclusions of Law, and Order Dismissing Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner From Custody, entered on January 10, 2013 by the Circuit Court of the Second Circuit ("Circuit Court").[1]

This case arises from a change of plea and sentencing following a remand for retrial by the Hawai'i Supreme Court. On appeal, Espiritu asserts four points of error: (1) the Circuit Court violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000) by considering the "protection of the public" when it sentenced him to consecutive terms of imprisonment; (2) he had ineffective assistance of counsel before and after sentencing; (3) the Circuit Court denied him due process of law and the right to a fair hearing by not examining the discovery and transcripts attached to his Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner [From] Custody ("Rule 40 Petition"); and (4) the Circuit Court violated his rights when it sentenced him to consecutive terms of imprisonment.

---

[1] The Honorable Rhonda I.L. Loo presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Espiritu's points of error as follows and affirm:

(1) Espiritu contends that *Apprendi* and its progeny, notably *State v. Maugaotega*, 115 Hawai'i 432, 168 P.3d 562 (2007) applies to consecutive sentencing.

The Circuit Court, however, did not err under *Apprendi* when it sentenced the defendant to consecutive terms of imprisonment. *See State v. Mundon*, 121 Hawai'i 339, 371-72, 219 P.3d 1126, 1158-59 (2009); *State v. Kahapea*, 111 Hawai'i 267, 278-79, 141 P.3d 440, 451-52 (2006). Therefore, we decline further review of Espiritu's argument.

(2) Espiritu contends that he received ineffective assistance of counsel because his counsel did not appeal a number of issues that Espiritu raised to counsel's attention subsequent to the sentencing, and because Espiritu's plea was involuntarily given due to certain communications between his counsel, the State, and the Circuit Court. Moreover, Espiritu contends that the Circuit Court erred in denying his motions for court-appointed post-conviction counsel.

Espiritu did not raise any counsel-related arguments in his Rule 40 Petition. Accordingly, Espiritu did not make a colorable claim, and the Circuit Court did not commit plain error in declining to hold a hearing on the claim before denying the petition. *See Stanley v. State*, 76 Hawai'i 446, 451-52, 879 P.2d 551, 556-57 (1994). Thus, Espiritu's contention will not be accorded further review.

(3) Espiritu contends that the Circuit Court failed to examine the discovery and transcripts attached to his Rule 40 Petition. The Circuit Court stated that it reviewed all of the evidence. Espiritu's contention is not supported by the record and is therefore without merit.

(4) Espiritu contends that he was illegally sentenced to consecutive terms. In addition to his *Apprendi* argument, addressed above, Espiritu contends that he could not be sentenced to consecutive terms based on "the protection of the public."

"[A]bsent clear evidence to the contrary, it is presumed that a sentencing court will have considered all factors before imposing concurrent or consecutive terms of imprisonment[.]" *State v. Hussein*, 122 Hawai'i 495, 503, 229 P.3d 313, 321 (2010) (quoting *State v. Tauiliili*, 96 Hawai'i 195, 199, 29 P.3d 914, 918 (2001)).  Here, the Circuit Court stated its reasoning for sentencing Espiritu to consecutive terms pursuant to Hawaii Revised Statutes §§ 706-668.5 and 706-606. Therefore, there was a rational and fair basis within the range of statutory factors for the imposition of consecutive sentences. *See, e.g.*, *State v. Kong*, 131 Hawai'i 94, 102, 315 P.3d 720, 728 (2013); *Hussein*, 122 Hawai'i at 509, 229 P.3d at 327.

Based on the foregoing, we affirm the Findings of Fact, Conclusions of Law, and Order Dismissing Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner From Custody entered on January 10, 2013 in the Circuit Court of the Second Circuit.

DATED:  Honolulu, Hawai'i, February 27, 2015.

On the briefs:

Christopher K. Espiritu,
Pro Se Petitioner-Appellant.

Richard K. Minatoya,
Deputy Prosecuting Attorney,
County of Maui,
for Respondent-Appellee.

Presiding Judge

Associate Judge

Associate Judge